UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUANZELL JENKINS ) | |
| ) | Case Nos. 1:13-cr-89; 1:17-cv-278 |
| *Petitioner* ) | |
| ) | Judge Mattice |
| v. ) | |
| ) | Magistrate Judge Steger |
| UNITED STATES, ) | |
| ) | |
| *Respondent* ) | |

## ORDER

Before the Court is the Motion to Vacate under 28 U.S.C. § 2255 filed by federal inmate Juanzell Jenkins [No. 1:13-cr-89, Doc. 916; 1:17-cv-278, Doc. 1]. As ordered, the Government has filed a response in opposition to the Motion and Jenkins replied. Having considered the pleadings and the record, along with the relevant law, the Court finds there is no need for an evidentiary hearing[1] and Jenkins's § 2255 motion will be **DENIED**.

### I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

In October 2013, a grand jury charged Petitioner and sixteen other defendants with, *inter alia*, conspiracy to manufacture and distribute 280 grams or more of cocaine base and 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. [Crim. Doc. 15]. The second superseding indictment [Crim. Doc. 200] also included seven crack and powder cocaine-related charges against Jenkins. Jenkins filed a Motion to Suppress [Crim. Doc. 445], seeking to suppress all evidence obtained as a

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

result of wire intercept orders entered in the case. The Court denied the Motion and reset the matter for trial. [Crim. Doc. 766]

With the benefit of a written plea agreement, Jenkins entered a guilty plea as to Count 1 of the superseding indictment for conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). [Crim. Doc. 781 at 1]. The plea agreement states that the punishment for the offense is imprisonment of not less than 10 years and not more than life. [*Id.*]. In consideration of his plea, the United States agreed to move to dismiss remaining Counts 2-8 against him at sentencing. [*Id.*].

In support of his guilty plea, Jenkins stipulated as follows:

- During one 30-day period, the DEA intercepted him talking to his cocaine suppliers and customers on approximately 630 calls. [*Id.* at 3].
- "Based on the investigation… the defendant was responsible for distributing over 5 kilograms of cocaine during the time period charged in Count One." [*Id.*].
- The DEA made controlled purchases of 5.96 ounces of cocaine from Jenkins during the relevant time period. [*Id.*].
- "The defendant admits that during the time period alleged in the indictment he conspired with others to distribute 5 kilograms or more of cocaine." [*Id.* at 4].

The plea agreement recites that the "defendant is pleading guilty because the defendant is in fact guilty." [*Id.*]. The parties agreed that an appropriate disposition of the case would be any lawful term of imprisonment imposed by the Court. [*Id.*].

Petitioner waived his right to make a direct appeal, except as to his suppression motion and as to any sentence imposed above the guideline range or above any mandatory minimum sentence. [*Id.*]. Petitioner also agreed not to file any motions pursuant to 28

2

U.S.C. § 2255 or otherwise collaterally attack his conviction or sentence, with two exceptions: he retained the right to file a § 2255 motion based on prosecutorial misconduct or ineffective assistance of counsel. [*Id.*].

According to the presentence investigation report, Petitioner's guideline sentencing range was 87 to 108 months. [Crim. Doc. 842 at 22]. Due to the mandatory minimum provided by statute, his effective guideline sentence was 120 months. [*Id.*]. On November 17, 2015, the Court accepted Petitioner's plea agreement and sentenced him to 120 months' imprisonment followed by five years of supervised release. [Crim. Doc. 848].

Jenkins appealed the denial of his motion to suppress. [Crim. Doc. 851]. The United States Court of Appeals for the Sixth Circuit concluded, *inter alia*, that the wiretap order was supported by probable cause, and affirmed the Court's denial of the suppression motion. *United States v. Jenkins*, 659 F. App'x 327 (6th Cir. 2016).

Jenkins next timely filed a motion to vacate his conviction and sentence. [No. 1:13-cr-00089, Doc. 916; No. 1:17-cv-278, Doc. 1]. In his motion, he argues the drug quantity attributed to him at sentencing was based on inaccurate information, violating his right to due process. [*Id.* at 4]. Jenkins says he did not raise this issue on appeal because his counsel was ineffective. He seeks resentencing based on his purported guideline range of 87 to 108 months.

## II. LEGAL STANDARDS

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those

3

of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

In a § 2255 action, "[a]n evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (*quoting Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). Otherwise, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (*quoting MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017)).

To establish that he has received ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* holds that a petitioner cannot establish his counsel was ineffective unless he demonstrates that (1) counsel's performance was deficient, such that counsel did not render reasonably effective assistance as measured by prevailing professional norms; and (2) he was prejudiced by the deficiency, i.e., there is a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *Id.* at 687-88, 694; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697. Finally, *Strickland* "requires the defendant to identify specific acts or omissions by

4

counsel that were 'outside the wide range of professionally competent assistance.'" *Carter v. Bogan*, 900 F.3d 754 (6th Cir. 2018) (*quoting Strickland*, 466 U.S. at 690).

In the context of an ineffective assistance of counsel claim, an evidentiary hearing is required unless (i) the record conclusively shows the petitioner is not entitled to relief on the grounds that counsel rendered a deficient performance, or (ii) the record conclusively shows that any deficient performance could not have prejudiced petitioner's defense. *MacLloyd v. United States*, 684 F. App'x 555, 560, 562 (6th Cir. 2017).

## III. ANALYSIS

Petitioner argues his counsel was ineffective in failing to challenge the drug quantity in the plea agreement and in the presentence investigation report and that this deficiency resulted in a longer term of imprisonment. He argues the Government did not have sufficient evidence to attribute at least 5 kilograms of cocaine to Petitioner. He claims his counsel mistakenly advised him regarding his risk of a 10-year mandatory minimum sentence and then failed to challenge the drug quantity at sentencing after he pleaded guilty. He also suggests the Government wrongfully prosecuted him, knowing they lacked evidence to obtain a conviction. Petitioner's argument is contradicted by the record and foreclosed by his plea agreement. Because the record conclusively shows that Petitioner's counsel was not deficient and conclusively shows any deficiency could not have prejudiced Petitioner, his motion must be denied.

### A. Ineffective Assistance – Plea Consultation

Petitioner contends there was insufficient evidence to hold him accountable for 5 kilograms of cocaine and that he did not in fact conspire to distribute at least 5 kilograms. He says he pleaded guilty anyway based on the mistaken belief that the Court could impose a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) even if the

5

Government failed to prove he was responsible for the threshold drug quantity. He alleges his counsel did not work with him regarding the drug quantity calculation prior to his acceptance of the plea agreement. [Doc. 918 at ¶ 1]. Had he known the Court could not "round up" the drug quantity, he says he would not have pleaded guilty.

In support of his argument, he submits an email between his attorney, Donna Mikel, and Assistant United States Attorney Chris Poole in which his counsel was negotiating for a lesser offense under § 841(b)(1)(B). In the email, Petitioner's attorney states her position that two Government witnesses could be discredited: Simpson and Mitchell. She argues Mitchell could be discredited "to the extent he claims Juanzell was providing crack, as opposed to powder." [Crim. Doc. 917 at 15]. In response, the AUSA indicates he is aware that Simpson and Petitioner stopped dealing with each other. He then states: "With regards to Mitchell, even if the amounts were powder, not crack, it would be nearly 5 kilograms of cocaine which would qualify as an A." [*Id.*].

This comment could mean at least two things. It could mean that "even if the amounts were powder, not crack, [the amount Mitchell can attribute to Petitioner] would be nearly 5 kilograms of cocaine...." Or, as Petitioner contends, it could mean "even if the amounts were powder, not crack, [the total drug quantity the Government can attribute to Petitioner] would be nearly 5 kilograms of cocaine...." It is reasonably clear that the AUSA was referring to the amounts that could be established by Mitchell alone. Regardless, neither reading suggests the evidence was insufficient to establish Petitioner's responsibility for 5 kilograms of cocaine. Quite obviously, the attorneys spoke in hypotheticals, negotiating relative to the risk of trial. The email does not establish that the Government lacked evidence to justify the prosecution or that either attorney knew the

6

evidence was insufficient to establish Petitioner's responsibility for at least 5 kilograms of cocaine.

Despite the supposed insufficiency of the evidence against him, Petitioner claims he took a plea based on the mistaken advice of counsel. He says his attorney "erroneously advised" him that "although the total drug amount allegedly attributed to him was not 5 kilograms, the sentencing judge was allowed to 'round up' the amount whenever it is close to the threshold amount that triggers a mandatory minimum sentence." [Doc. 917 at 5]. First, this argument misunderstands the relationship between the offense of conviction and sentencing. Petitioner was charged with an offense that includes a specific drug quantity. He could not have been convicted of violating § 841(b)(1)(B) and subjected to a mandatory minimum sentence under § 841(b)(1)(A). These are two different offenses based on different drug quantities. He could not have pleaded guilty to one and been sentenced under another. Assuming Petitioner believed the Court could impose a mandatory minimum sentence regardless of his guilt, it is hard to see how this belief would have prompted him to concede guilt instead of going to trial.

Second, Petitioner's argument is contradicted by the record at every turn. The plea agreement provides:

> The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt…
>
> [t]he conspiracy involved 5 kilograms or more of cocaine.

[Doc. 781 at 2]. The plea agreement clearly states that the minimum sentence for the offense is 10 years' imprisonment. [*Id.* at 1].

7

Case 1:17-cv-00278-TRM-CHS   Document 13   Filed 09/17/20   Page 7 of 12   PageID #: 70

Though Petitioner now denies distributing 5 kilograms of cocaine, he admitted to doing so in a written plea agreement. At the change of plea hearing, the Magistrate Judge determined that Petitioner was fully capable and competent to enter an informed plea, that the plea was knowing and voluntary, and that the Petitioner understood "the nature of the charges and penalties provided by law." [Crim. Doc. 7995].[2] Petitioner was in the best position to know the quantity of drugs he was trafficking. Armed with this knowledge, he admitted to conspiring to distribute 5 kilograms or more of cocaine. He does not identify any deficiencies in the plea agreement or colloquy.

Likewise, Petitioner's contention that his attorney did not "work with him" regarding the drug quantity is insufficient to establish prejudice because the record reflects that his counsel negotiated for a plea to a lower drug quantity. The email between Ms. Mikel and AUSA Poole demonstrates Mikel raised specific challenges to the Government's drug quantity evidence and the Government refused to offer a plea agreement for a lesser-included offense.

Petitioner has failed to establish "that counsel's performance was deficient, involving errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000) (cleaned up). At most, he alleges his attorney incorrectly told him the Court could "round up" the drug quantity and sentence him to 10 years even if the Government could only prove he was responsible for almost 5 kilograms of cocaine. This advice is not without a grain of truth. Petitioner never suggests he did not conspire to distribute

---

[2] Though the transcript of the change of plea hearing does not appear in the record, the Court observes that it is the established practice of the Magistrate Judges in this district to conduct a plea colloquy in which the elements of the offense are explained and the defendant's understanding of the consequences of his guilty plea established.

8

cocaine, just that the amount he conspired to distribute was not quite 5 kilograms. Had Petitioner gone to trial and been convicted of a lesser-included offense, his base offense level would be lower, but he would lose a three-level reduction for acceptance of responsibility. As the PSR notes, the Government would also have been able to file a § 851 sentencing enhancement, exposing Petitioner to a mandatory minimum sentence of twenty years' imprisonment if convicted of the charged offense. In light of this significantly increased sentencing exposure, his admitted guilt, and the seven other charges against him, Petitioner has not demonstrated "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Stewart v. Morgan*, 232 F. App'x 482, 487 (6th Cir. 2007) (cleaned up). To the extent he was misadvised of the elements of his offense or the Government's burden of proof, the written plea agreement correctly advised him of both. Petitioner affirmed he understood the nature and penalties for his offense and cannot now claim his counsel misled him.

### B. Ineffective Assistance of Counsel – Sentencing

In a similar vein, Petitioner argues that though he pleaded guilty to conspiring to distribute 5 kilograms or more of cocaine, he should not have received the mandatory minimum sentence provided by statute because he was in fact responsible for a lesser drug quantity. Again, Petitioner's argument is based on a faulty legal premise – that the drug quantity attributed to him at sentencing could be less than the amount he pleaded guilty to conspiring to distribute. But drug quantity was an element of Petitioner's offense, not an issue to be freshly litigated at sentencing. Petitioner's counsel could not have reasonably challenged the drug quantity in light of Petitioner's admission of guilt.

9

Case 1:17-cv-00278-TRM-CHS   Document 13   Filed 09/17/20   Page 9 of 12   PageID #: 72

Petitioner also says his counsel should have objected to an alleged discrepancy in the presentence report regarding the dates of the offense conduct. The indictment charges that Jenkins conspired to distribute 5 kilograms or more of cocaine between August 2009 and October 2013. [Doc. 200 at 2]. The plea agreement relies on the time period alleged in the indictment. [Doc. 781 at 4]. The PSR, however, recites that his offense conduct commenced on June 21, 2011, and concluded in October 2013. [Doc. 842 at ¶ 31]. Petitioner argues that the June 21, 2011, conduct was a controlled purchase and thus cannot be the basis of a conspiracy charge. Had his counsel objected to this purported contradiction, the "error" would have been corrected, resulting in a lower sentence or production of more evidence. He believes he would not have been subjected to the 10-year mandatory minimum "because the dates changed, and the offense differential significantly affects the factual basis of the conviction and sentence." [Doc. 917 at 7].

Petitioner is mistaken. His sentence was dictated by statute, not the offense dates or drug quantity in the presentence report. He pleaded guilty to conspiring to distribute 5 kilograms of cocaine and received the minimum sentence provided by law for this offense. The dates in the PSR did not change the charges against him or alter his guilty plea. Any objection to the PSR on this basis would have been fruitless in light of his guilty plea and supporting factual admissions.

Finally, as discussed above, there is no evidence to suggest the U.S. Attorney's Office pursued prosecution under 21 U.S.C. § 841(b)(1)(A), knowing they lacked the evidence to obtain a conviction. On the contrary, the email Petitioner submits suggests the Government had several different sources to prove Petitioner's guilt. By pleading guilty, Petitioner relieved the Government of the obligation to prove any element of the

charge against him, including the drug quantity. Once accepted by the Court, Petitioner's plea agreement conclusively established his responsibility for the requisite drug quantity.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion [No. 1:13-cr-00089, Doc. 916; No. 1:17-cv-278, Doc. 1] will be **DENIED**. A certificate of appealability from the denial of his § 2255 motion will be **DENIED**. A separate judgment will enter.

11

**SO ORDERED** this 17th day of September, 2020.

                                         */s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                   UNITED STATES DISTRICT JUDGE